UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD BERNAICHE,

    Petitioner,

v.                                                                                        Case No. 8:24-cv-506-WFJ-JSS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**<u>ORDER</u>**

    Donald Bernaiche is a Florida prisoner serving a fourteen-year sentence for sexual battery on a person twelve or older but less than eighteen by a person in familial or custodial authority. He initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Mr. Bernaiche's sole claim for relief is that the trial court violated his right to due process by erroneously designating him as a "sexual predator." (*Id.* at 5-8). Upon careful review, the petition is dismissed. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

    As an initial matter, the petition is an unauthorized second or successive petition. Mr. Bernaiche challenged the same conviction under § 2254 in *Bernaiche v. Sec'y, Dep't of Corr.*, No. 8:20-cv-2885-SDM-AEP (M.D. Fla.). The respondent in that case moved to

dismiss Mr. Bernaiche's petition as untimely. *Id.*, Doc. 6. In response, Mr. Bernaiche "conced[ed] that he [was] time barred" and asked to withdraw his petition. *Id.*, Doc. 10. The court granted the request and closed the case. *Id.*, Doc. 11. Where, as here, "a petitioner clearly concedes upon withdrawal of a [habeas] petition that the petition lacks merit, the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive." *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004). "To allow withdrawal without prejudice in such circumstances would permit petitioners 'to thwart the limitations on the filing of second or successive [petitions] by withdrawing [their] first petition as soon as it [became] evident that the district court [was] going to dismiss it on the merits.'" *Id.* (quoting *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997)); *see also Williams v. United States*, 91 F.4th 1256, 1258-59 (8th Cir. 2024) (holding that motion to vacate sentence under 28 U.S.C. § 2255 was "second or successive" because movant "withdrew [his first] motion only after it was clear that the motion was destined for denial").

      Accordingly, the present petition is second or successive, and the Court lacks jurisdiction to consider it until Mr. Bernaiche obtains permission from the Eleventh Circuit to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("[Petitioner] neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Even if the petition were not second or successive, it would fail on the merits. Mr. Bernaiche's sole claim for relief is that the trial court violated his right to due process by incorrectly designating him as a "sexual predator" under Florida law. (Doc. 1 at 5-8). This claim is not cognizable on federal habeas because it rests entirely on an alleged misapplication of state law. "[S]tate courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005). Thus, "a habeas petition grounded on issues of state law provides no basis for habeas relief." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Id.* Accordingly, "whether [Mr. Bernaiche] met the statutory criteria for designation as a sexual predator under [§] 775.21 of the Florida Statutes is a matter of state law for which habeas relief does not lie." *Tucker v. Sec'y, Dep't of Corr.*, No. 2:03-cv-470-MMH-DNF, 2009 WL 890395, at *35 (M.D. Fla. Mar. 31, 2009).

In any event, the trial court correctly designated Mr. Bernaiche as a sexual predator. Florida law provides that "an offender shall be designated as a 'sexual predator'" if he is convicted of, among other offenses, a "first degree felony violation . . . of . . . [Fla. Stat. §] 794.011." Fla. Stat. § 775.21(4)(a)1a. Mr. Bernaiche was convicted of sexual battery on a person twelve or older but less than eighteen by a person in familial or custodial authority, a first-degree felony in violation of Fla. Stat. § 794.011(8)(b). (Doc. 1-1 at 4). Mr. Bernaiche's conviction for this offense "required that he be designated as a sexual predator." *Sheppard v. State*, 907 So. 2d 1259, 1260 (Fla. 2d DCA 2005) (holding that

defendant's "sexual predator designation was properly imposed" because he was "convicted of the first-degree felony of sexual battery in violation of [Fla. Stat. §] 794.011(8)(b)").

Accordingly, Mr. Bernaiche's petition for writ of habeas corpus, (Doc. 1), is **DISMISSED**. To the extent that a certificate of appealability is required to appeal from this order, Mr. Bernaiche fails to make "a substantial showing of the denial of a constitutional right," and thus a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). The **CLERK** is directed to enter judgment in favor of Respondent and against Mr. Bernaiche and to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on March 1, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE